UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ELAINE L. CHAO**, Secretary of Labor,
United States Department of Labor,

    Plaintiff

  v.

**KENNETH A. POULOS,** INDIVIDUALLY
and as FIDUCIARY of A.T.G. 401(k) PLAN,
**and**
**A.T.G. 401(k) PLAN,**

    Defendants

_____/

Case No.  06-10124

HONORABLE VICTORIA A. ROBERTS

**JUDGMENT BY DEFAULT**

 In this action, Defendants, Kenneth A. Poulos and the A.T.G. 401(k) Plan, having been served with summons and complaint, and having failed to plead or otherwise defend, the legal time for pleading or otherwise defending having expired and the default of the said Defendants in the premises having been duly entered according to law on July 31, 2006, upon the Motion of the Plaintiff, Judgment is hereby entered against said Defendants in pursuance of the prayer of said complaint.

 Wherefore, by virtue of the law and by reason of the premises aforesaid, it is ORDERED, ADJUDGED AND DECREED that:

 1.  Defendant Kenneth A. Poulos is  permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §1001, et seq.

2.   Defendant Kenneth A. Poulos will be hereby removed as fiduciary to the A.T.G. 401(k) Plan and permanently barred from serving or acting as fiduciary or service provider with respect to any employee benefit plan subject to ERISA.

3.   The following is appointed as the independent fiduciary who will administer the Plan in order to effectuate its termination and the distribution of Plan assets to eligible participants and beneficiaries:

> M. Larry Lefoldt, CPA
> Lefoldt & CO., P.A.
> 690 Towne Center Boulevard
> P.O. Box 2848
> Ridgeland, MS 39158-2848

4.   The independent fiduciary shall terminate the Plan after all assets are distributed.  Such termination shall be in accordance with the Plan's governing documents, ERISA and the Internal Revenue Code;

5.   The independent fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of the Plan and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

6.   The independent fiduciary shall receive reasonable compensation for the performance of the above-enumerated duties together with costs and expenses reasonably and necessarily incurred.  Such compensation, costs, and expenses shall not exceed $2856.00;

7.   The independent fiduciary shall obtain bonding in an amount that meets the requirements of ERISA § 412, 29 U.S.C. § 1112;

8.  The independent fiduciary shall not be held responsible for any claims against the Plan or related entities that existed, arose, matured or vested prior to his appointment as independent fiduciary for Plan.

DATED this 28th day of September, 2006.

S/ Victoria A. Roberts
**UNITED STATES DISTRICT JUDGE**